OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

January 14, 2002

The Honorable Joe Warner Bell                    Opinion No. JC-0452
Trinity County Attorney
P.O. Box 979                                     Re: Whether constitutional county law judges who try
Groveton, Texas 75845                            misdemeanor criminal matters are entitled to
                                                 participate in the management of community supervi-
                                                 sion and corrections departments under section 76.002
                                                 of the Government Code  (RQ-0433-JC)

Dear Mr. Bell:

You ask whether constitutional county law judges who try misdemeanor criminal matters are entitled to participate in the management of community supervision and corrections departments under section 76.002 of the Government Code.[1] We conclude that they are not.

Chapter 76 of the Government Code charges the district judges trying criminal cases in each judicial district to establish a community supervision and corrections department. *See* TEX. GOV'T CODE ANN. § 76.002(a)(1) (Vernon 1998). The judges must employ a department director and district personnel to conduct presentence investigations, to supervise and rehabilitate defendants placed on community supervision, to enforce conditions of community supervision, and to staff community corrections facilities. *See id.* §§ 76.002(a)(2), .004.

You ask which judges participate in the management of these departments, particularly whether constitutional county law judges who try misdemeanor criminal matters do so. *See* Request Letter, *supra* note 1. The group of judges who participate in the management of a department is established by section 76.002(b) of the Government Code, which provides:

> The district judges trying criminal cases and *judges of*
> *statutory county courts trying criminal cases* that are served by a
> community supervision and  corrections department are entitled to
> participate in the management of the department.

TEX. GOV'T CODE ANN. § 76.002(b) (emphasis added). The answer to your question turns on the meaning of "judges of statutory county courts" in this provision.

---

[1]Letter from Honorable Joe Warner Bell, Trinity County Attorney, to Honorable John Cornyn, Texas Attorney General (Sept. 6, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

Chapter 76 is located in title 2 of the Government Code.  For purposes of title 2, section 21.009 of the Government Code defines the term "statutory county court" as

> a county court created by the legislature under Article V, Section 1, of the Texas Constitution, including county courts at law, county criminal courts, county criminal courts of appeals, and county civil courts at law, but does not include statutory probate courts as defined by Section 3, Texas Probate Code.

*Id.* § 21.009(2) (Vernon Supp. 2001).  "County court" is separately defined in section 21.009 as "the court created in each county by Article V, Section 15, of the Texas Constitution," *id.* § 21.009(1), and is clearly excluded from the definition of "statutory county court," *see id.*

Again, the judges entitled to participate in the management of a department under section 76.002(b) of the Government Code include district judges trying criminal cases and judges of statutory county courts trying criminal cases. *See id.* § 76.002(b) (Vernon 1998).  The latter category includes judges of any "county court created by the legislature under Article V, Section 1, of the Texas Constitution," *id.* § 21.009(2) (Vernon Supp. 2001), trying criminal cases.  A judge of a county court established under article V, section 15 of the Texas Constitution is not a judge of a statutory county court, *see id.* § 21.009(1), and therefore is not included in the group of judges entitled to participate in the management of a department under section 76.002.

## S U M M A R Y

A judge of a county court established under article V, section 15 of the Texas Constitution is not a judge of a statutory county court for purposes of title 2 of the Government Code and therefore is not included in the group of judges entitled to participate in the management of a community supervision and corrections department under section 76.002(b) of the Government Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee